Requestor: Michael T. Welch, Esq. Village Attorney Village of LeRoy P.O. Box 147 LeRoy, N.Y. 14482
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have informed us that the village election was held on March 17, 1992 wherein the incumbent mayor was defeated and two incumbent trustees were re-elected. On March 22, 1992 (prior to commencement of the next official year on April 6, 1992[1]), a trustee whose term does not expire until April, 1993 died. On March 26, 1992, the incumbent, lame-duck mayor, appointed someone to fill the vacancy in the position of the trustee who died, indicating that the appointee would serve out the balance of the trustee's term, until April 1993. The newly-elected mayor, assuming office on April 6, 1992, has stated his intention to appoint someone else to fill this vacancy for the balance of the term. You have asked whether the lame-duck mayor's appointment to fill the vacancy is valid for the balance of the term or whether the new mayor, upon assuming office on April 6, 1992, may make a different appointment for the balance of the trustee's term until April 1993.
Vacancies in offices caused other than by expiration of the terms are to be filled by the mayor as follows:
 "Vacancies in offices caused other than by expiration of the terms thereof shall be filled by the mayor, except the office of mayor which shall be filled by the board of trustees to the extent and for the periods of time set forth herein:
 a. In appointive offices for the balance of unexpired terms
b. In elective offices as follows:
 (1) If such vacancy occurs at least seventy-five days prior to the third Tuesday of the month preceding the end of the current official year, for the balance of such year.
 (2) If such vacancy occurs less than seventy-five days prior to the third Tuesday of the month preceding the end of the current official year, for the balance of the year and, if the term of office does not expire at the end of such year, by further appointment to the end of the next official year."
Village Law § 3-312(3).
The apparent purpose of this provision is to provide for the filling of vacancies in elective offices at the earliest possible election. The vacancy you have described occurred during the period of time described in section 3-312(3)(b)(2). The vacancy occurred less than 75 days prior to the third Tuesday of the month preceding the end of the current
official year. In fact, the vacancy occurred subsequent to the date of the village election (the third Tuesday) but prior to the end of the current official year (April 5, 1992).
Under the provisions of section 3-312(3)(b)(2), the mayor is to make an appointment for the balance of the current official year and "if the term of office does not expire at the end of such year, by further appointment to the end of the next official year". The language requiring "further appointment" to the end of the next official year must be given meaning. The apparent purpose of this provision is to give the incoming mayor the opportunity to make an appointment to fill the vacancy. (Compare, section64[5] of the Town Law which allows the town board to fill such a vacancy for the entire balance of the term.) Thus, under this provision a further appointment is to be made on or after April 6, 1992 to fill the vacancy for the balance of the next official year. It follows that the new mayor, upon taking office on April 6, 1992, is to make this appointment.
We conclude that a vacancy in the office of village trustee occurring after the date of the village election but prior to the end of the current official year is to be filled by appointment of the mayor for the balance of the current official year and, if the term does not expire, by further appointment on or after April 6, 1992 for the balance of the next official year.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
[1] The official year begins at noon on the first Monday in the month following the date of the general village election. The term of office of each elective village officer commences at the start of the official year following the election. Village Law § 3-302(1),(2).